DLD-009                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2900
_____

IN RE: JOBADIAH SINCLAIR WEEKS,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:19-cr-00877-003)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 9, 2025

Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: November 17, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Jobadiah Sinclair Weeks has filed a petition for a writ of mandamus.  For the

reasons below, we will dismiss the petition as moot.

    In November 2020, Weeks pleaded guilty pursuant to a plea agreement to tax

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

evasion and conspiring to offer and sell unregistered securities. Weeks has not yet been sentenced. In February 2025, the District Court permitted Weeks to proceed pro se. He then filed pro se motions to dismiss and to withdraw his guilty plea as well as motions to compel discovery. In May 2025, after reviewing the motions, responses, and replies, the District Court indicated that the motions would be decided on the papers. A month later, Weeks filed a Rule 41(g) motion for the return of property. A few months later, in September 2025, Weeks filed his mandamus petition. He requests that we direct the District Court to rule on several of his motions that are still pending and order the Government to respond to several motions.

On October 8, 2025, the District Court issued an opinion and entered an order denying the motions. As the motions at issue have been decided by the District Court, Weeks's requests that we order the Government to respond to his motions and the District Court to rule on those motions are moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

Weeks has filed a notice of supplemental information in which he acknowledges that his request to compel a ruling by the District Court on his motions has been satisfied. He suggests though that "substantive relief remains incomplete." Not. at 2. In his petition, however, he did not request any specific substantive relief. He requested only

2

that he be granted "such further relief as this Court deems just and proper." Pet. at 5. This vague request is not sufficient to prevent the petition from being mooted by the District Court's resolution of the motions at issue. Nor is it sufficient to entitle Weeks to any mandamus relief.

Accordingly, we will dismiss the petition for a writ of mandamus as moot.